﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200921-108685
DATE: December 31, 2020

ORDER

Entitlement to service connection for residuals of prostate cancer, status post radical prostatectomy (prostate cancer), is granted.

Entitlement to service connection for erectile dysfunction (ED) as secondary to prostate cancer is granted.

Entitlement to special monthly compensation (SMC) based on the loss of use of a creative organ is granted.

FINDINGS OF FACT

1. The Veteran’s prostate cancer, status post radical prostatectomy (prostate cancer) was caused by exposure to herbicide agents.

2. The Veteran’s erectile dysfunction is causally related to his service-connected prostate cancer disability.

3. The evidence indicates that the Veteran is unable to achieve an erection due to a service-connected prostate cancer disability.

CONCLUSIONS OF LAW

1. The criteria for service connection for prostate cancer, status post radical prostatectomy, are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

2. The criteria for service connection for erectile dysfunction as secondary to prostate cancer are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

3. The criteria for entitlement to special monthly compensation (SMC) based on the loss of use of a creative organ have been met. 38 U.S.C. §§ 1114 (k), 5107; 38 C.F.R. § 3.350 (a).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The rating decision on appeal was issued in January 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

The Veteran served on active duty from July 1955 to September 1968. He served honorably in the United States Navy including during the Vietnam Era. He was awarded the National Defense Service Medal, the Vietnam Service Medal with three Bronze Stars, and the Vietnam Campaign Medal with Device. The Board thanks the Veteran and his family for his service to our country. 

In the VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the appellant elected the Direct Review option; therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

In February 2020, the appellant submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested review of the January 2020 rating decision. However, in March 17, 2020 correspondence from the AOJ, the Veteran was advised that the request for review was unable to be processed as no new or relevant evidence was provided or indicated. A completed VA Form 20-0995, Decision Review Request: Supplemental Claim was not thereafter received. Accordingly, the Board finds that no Supplemental Claim is currently pending final adjudication, and the Board can proceed with adjudication. 38 C.F.R. § 3.2500.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claims of service connection for residuals of prostate cancer and erectile dysfunction and special monthly compensation for loss of use of a creative organ, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claims, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Service Connection – Legal Criteria

Service connection may be granted for a disability resulting from disease or injury incurred coincident with or aggravated by service. Establishing direct service connection generally requires competent evidence of three elements: (1) a current disability, (2) in-service incurrence or aggravation of a disease or injury, and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); 38 U.S.C. §§ 1131, 1110; 38 C.F.R. § 3.303.

Alternatively, a veteran can receive compensation via secondary service connection, which can be established when a disability is shown to be proximately due to or the result of a service-connected disease or injury. To be awarded secondary service connection, there must be evidence sufficient to show: (1) that a current disability exists, and (2) that the current disability was either (a) caused by or (b) aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc); 38 C.F.R. § 3.310.

Certain chronic diseases will be presumed related to service, absent an intercurrent cause, if they were shown as chronic in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service (or within an applicable presumptive period) with continuity of symptomatology since service that is attributable to the chronic disease. Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013); 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.303, 3.307, 3.309.

The statutory provision specifically covering Agent Orange is 38 U.S.C. § 1116. Under 38 U.S.C. § 1116 (f), a claimant, who, during active service, served in the Republic of Vietnam during the Vietnam era, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that he was not exposed to any such agent during that service.

Diseases associated with exposure to certain herbicide agents, listed in 38 C.F.R. § 3.309(e), will be considered to have been incurred in service under the circumstances outlined in that section even though there is no evidence of such disease during the period of service. If a veteran was exposed to an herbicide agent during active military, naval, or air service, the listed diseases shall be service-connected if the requirements of 38 C.F.R. § 3.307 (a)(6)(iii) are met, even though there is no record of such disease during service, provided further that the rebuttable presumption provisions of 38 C.F.R. § 3.307(d) are also satisfied. 38 C.F.R. § 3.309 (e).

Notwithstanding the foregoing, the United States Court of Appeals for the Federal Circuit has determined that the Veterans’ Dioxin and Radiation Exposure Compensation Standards (Radiation Compensation) Act, Pub. L. No. 98-542, § 5, 98 Stat. 2725, 2727-29 (1984), does not preclude establishment of service connection with proof of actual direct causation. Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

Competent medical evidence is evidence provided by a person who is qualified through education, training, and experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may include statements conveying sound medical principles found in medical treatises and statements contained in authoritative writings, such as medical and scientific articles and research reports and analyses. 38 C.F.R. § 3.159(a)(1). Medical opinions must contain conclusions with a reasoned medical explanation based on supporting data. Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007).

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

1. Entitlement to service connection for residuals of prostate cancer, status post radical prostatectomy (prostate cancer) 

The Veteran contends that his prostate cancer disorder is related to military service. Specifically, he asserts that prostate cancer disorder is due to herbicide agents exposure (HAE) operated in the rivers of Vietnam in military service. See VA Form 21-526EZ dated July 2019.

The AOJ did not note any favorable findings in its January 2020 rating decision. See RD Narrative dated January 2020.

In a December 2019 VA Memorandum, exposure to herbicides was conceded based on the Veteran’s nautical service in the offshore eligible waters as defined in the Blue Water Navy Vietnam Veteran Act of 2019, Public Law 116.23. See Administrative Decision dated December 2019.

The question for the Board is whether the Veteran has a current disability that began during service or is at least as likely as not related to an in-service injury, event, or disease.

In the January 2020 rating decision, the RO denied the Veteran service connection to prostate cancer. The reason given was that the evidence does not show a diagnosis of a condition for which VA has found a positive association to herbicide exposure. See RD Narrative dated January 2020.

Since the VA has conceded exposure to herbicide agents, the Veteran is entitled to consideration of his claim under the presumption provisions in 38 U.S.C. § 1116. As prostate cancer is listed among the disabilities in 38 C.F.R. § 3.309(e), such disease would be presumed to be service connected, if diagnosed. Consequently, the threshold (and dispositive) question that must be addressed in this matter is whether there is competent evidence that the Veteran has (or during the pendency of the claim has had) a prostate cancer disorder. In the absence of proof of such current disability there is no valid claim for service connection. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992); 38 U.S.C. § 1110. 

On this question there are probative evidence (examination, opinion and surgical pathology report) in favor of and against the claim.

On review of the record, the Board finds that based on an October 2019 DBQ report for prostate cancer and an October 2011 surgical pathology report, the Veteran was diagnosed with and received treatment for prostate cancer, in which he is currently in remission. Thus, a current disability exists. Shedden, 381 F.3d at 1163; 38 C.F.R. § 3.303.

Furthermore, the Board finds that service-connection for residuals of prostate cancer, status post radical prostatectomy is warranted on a presumptive basis. 38 U.S.C. § 1116; 38 C.F.R. § 3.309(e).

The evidence in favor of the claim includes an October 2019 Disability Benefits Questionnaire (DBQ) which diagnosed prostate cancer. In the examination report, the Veteran reported “he began to urinate blood and went to a urologist clinic visit documenting TURBT with mitomycin installation in the OR on 3/8/10.” For medical history, the examiner noted that the Veteran underwent radical prostatectomy surgery. The examination report findings reveal the objective evidence of the Veteran’s cancer diagnosis that noted by the examiner include a “[c]linic visit 1-28-16 documents prostate cancer, pT2cNOMO, gI 3+3=6. 10/3/2011, +prostate cancer, pT2cNOMO, gI 3+3 = 6.” See C&P Exam dated October 2019.

The private October 2011 surgical pathology report noted by the 2019 VA examiner was ordered by the Veteran’s surgeon, Dr. J.P.B. The pathology report revealed that the final pathologic diagnosis indicated was prostate gland, radical prostatectomy; histologic diagnosis, adenocarcinoma; Gleason grade; 3+3 = 6; extent/amount involvement; tumor present in both lobes of prostate gland with the largest tumor nodule measuring 1.2 cm. See Medical Treatment Record dated July 2019.

The evidence against the claim includes the January 2020 medical opinion report in which the AOJ asked the clinician the question: does the Veteran have a diagnosis of prostate cancer and is the condition active, under treatment, or in remission? The clinician noted that the he had reviewed the conflicting medical evidence. The clinician opined that the Veteran was diagnosed with prostate cancer, date of diagnosis 03/08/2010 per VES prostate cancer DBQ dated 10/07/2019. The clinician noted “[n]o pathology report from a prostate biopsy or a radical cystoprostatectomy to confirm this diagnosis as required was found.” The clinician noted bladder transurethral resection of neoplasm/biopsy showed “no prostatic tissue identified” per private pathology report 03/18/2011. See C&P Exam dated January 2020. Significantly, the medical opinion does not mention an October 2011 private pathology report identifying adenocarcinoma present in both lobes of the prostate gland.

The probative value of medical opinion evidence is based on the medical expert’s personal examination of the patient, the physician’s knowledge and skill in analyzing the data, and the medical conclusion that the physician reaches. Guerrieri v. Brown, 4 Vet. App. 467, 470-71 (1993). Whether a physician provides a basis for his or her medical opinion goes to the weight or credibility of the evidence in the adjudication of the merits. Hernandez-Toyens v. West, 11 Vet. App. 379, 382 (1998). Other factors for assessing the probative value of a medical opinion are the physician’s access to the claims folder and the thoroughness and detail of the opinion. Nieves-Rodriguez, 22 Vet. App. 295 (2008); Prejean v. West, 13 Vet. App. 444, 448-9 (2000).

The Board finds the October 2019 DBQ report noting the October 2011 private pathology report as well as the surgical pathology report itself are entitled to great probative weight and outweigh the negative conclusion of the VA medical opinion provider. In this regard, the October 2019 examiner provided the Veteran with an in-person examination and the examiner considered the Veteran’s medical records, which included review of his claim-file and concluded that based on evidence from that review, the Veteran was diagnosed with prostate cancer in 2010. Significantly, the VA examiner noted the October 2011 private surgical pathology report results revealed that of the prostate specimens collected and analyzed, the final pathologic diagnosis indicated was prostate gland, radical prostatectomy; histologic diagnosis, adenocarcinoma. Nieves-Rodriquez v. Peake, 22 Vet. App. 295, 302-04 (2008); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). These reports are probative evidence in this matter and considered very persuasive.

Additionally, the Board finds that the January 2020 medical opinion report is afforded little to no probable weight. Although the opinion provider reviewed the Veteran’s claim-file, the clinician did not appear to be aware of all of the relevant evidence in the record, to include the October 2011 surgical pathology report finding of prostate cancer. Nieves-Rodriguez, 22 Vet. App. at 295.

In short, as the most probative evidence weights in favor of that all the elements of service connection for the Veteran’s prostate cancer disorder are met on a presumptive basis, the Board finds the benefit of the doubt doctrine is not applicable in this case. Therefore, this claim on appeal, is granted. Gilbert, 1 Vet. App. at 49; 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3, 4.7.

2. Entitlement to service connection for erectile dysfunction as secondary to prostate cancer 

The Veteran claims service connection for erectile dysfunction (ED) as secondary to his service-connected prostate cancer disability. See VA Form 21-526EZ dated July 2019.

Favorable findings noted in the January 2020 rating decision was the VA examinations show diagnosis of erectile dysfunction. See RD Narrative dated January 2020.

Having granted service connection for residuals of prostate cancer, status post radical prostatectomy (prostate cancer), the Board finds that the evidence also supports of a grant of service connection for the Veteran’s erectile dysfunction as secondary to his service-connected prostate cancer disability. Therefore, direct service connection will not be discussed.

The Veteran has shown that a current disability exists as his diagnosis of ED in 2010 was confirmed. Shedden, 381 F.3d at 1163; Allen, 7 Vet. App. at 448.

In an October 2019 Disability Benefit Questionnaire (DBQ) for prostate cancer, in the examination report, for any additional diagnoses warranted for the residuals of the Veteran’s cancer, the examiner noted erectile dysfunction. The examiner noted that the etiology was prostate cancer and concluded that it is as likely as not (at least a 50 percent probability) that the Veteran’s ED is attributable to his prostate cancer diagnosis. Further, the examiner marked “NO” for the question: if the Veteran has ED, is he able to achieve an erection sufficient for penetration and ejaculation without medication. See C&P Exam dated October 2016.

In an October 2019 Disability Benefit Questionnaire (DBQ) for male reproductive system conditions, the Veteran was diagnosis of ED was confirmed. In the examiner report, the Board acknowledges that the clinical findings are the same as indicated above in the October 2019 DBQ for prostate cancer. See C&P Exam dated October 2019.

The Board concludes that a grant of service connection for the Veteran’s erectile dysfunction as secondary to his service-connected prostate cancer disability is warranted. Specifically, both the October 2019 DBQs for prostate cancer and male reproductive systems attribute the Veteran’s ED to his prostate cancer. As the record lack any contrary nexus opinion as to secondary service connection, these reports are highly probative, and thus considered very persuasive in this case. 

Thus, because the preponderance of the evidence is in favor of the Veteran’s claim, the benefit of the doubt rule is not applicable in this case. This claim on appeal, therefore, is granted. Gilbert, 1 Vet. App. at 49; 38 U.S.C. § 5107(b), 38 C.F.R. §§ 3.102, 4.3, 4.7.

3. Entitlement to special monthly compensation based on the loss of a creative organ

Considering that the Veteran has now been awarded service connection for erectile dysfunction, and in light of the medical evidence of record indicating the symptoms or effects of the disability, the issue of entitlement to special monthly compensation (SMC) is reasonably raised by the record. VA law provides that entitlement to SMC is warranted if a veteran, as the result of a service-connected disability, has suffered the anatomical loss or loss of use of one or more creative organs. 38 U.S.C. § 1114 (k); 38 C.F.R. § 3.350(a).

Loss of a creative organ may be shown by acquired absence of one or both testicles (other than undescended testicles) or ovaries or other creative organ. Loss of use of one testicle will be established when physical examination indicates: (a) the diameters of the affected testicle are reduced to one-third of the corresponding diameters of the paired normal testicle; or (b) the diameters of the affected testicle are reduced to one-half or less of the corresponding normal testicle and there is an alteration of consistency so that the affected testicle is considerably harder or softer than the corresponding normal testicle; or (c) if neither of the conditions (a) nor (b) is met, when a biopsy, recommended by a genitourologist and accepted by the veteran, establishes the absence of spermatozoa. When loss or loss of use of a creative organ resulted from wounds or other trauma sustained in service, or resulted from operations in service for the relief of other conditions, with the creative organ becoming incidentally involved, the benefit may be granted. 38 C.F.R. § 3.350 (a)(1)(i-ii).

In addition, an award for SMC based on loss of use of a creative organ may be awarded to a male veteran if loss of erectile power is documented, without the need for penile deformity. The loss of erectile power must be secondary to a service-connected disability or disease, such as prostate cancer.

As noted above, the Veteran has been granted service connection for erectile dysfunction as secondary to the service-connected prostate cancer disability. Therefore, considering the foregoing evidence in both the October 2019 DBQs (prostate cancer and male reproduction systems), which indicated the Veteran is unable to achieve an erection due to a service-connected prostate cancer disability, and in light of the grant of entitlement to service connection for erectile dysfunction, and further resolving any reasonable doubt in the Veteran’s favor, the Board finds that entitlement to SMC based on loss of use of a creative organ is warranted. 38 U.S.C. § 1114 (k); 38 C.F.R. § 3.350(a).

 

M. C. GRAHAM

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. D. Hayes

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.